UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ANNE MARIE KEHOE, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | 2:19-cv-00321-NT |
| v. | ) | |
| | ) | |
| CLAIRE M. GRADY, et al., | ) | |
| | ) | |
| Respondents | ) | |

**RECOMMENDED DECISION
AFTER REVIEW OF PETITION**

In this action, Petitioner requests a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition, ECF No. 1.) Upon review of the petition, I recommend the Court dismiss the petition for lack of jurisdiction.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district:

the district of confinement." *Id.* at 443. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

Here, Petitioner seeks habeas relief for another individual, but alleges no facts from which the Court could conclude that the individual is being held in custody in this district.[1] The Court, therefore, lacks jurisdiction over the matter.

### CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the petition.

### **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of July, 2019.

---

[1] Petitioner has also failed to allege any facts that would support a finding that Petitioner has "next-friend standing" pursuant to 28 U.S.C. § 2242 to assert the claim. *See Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153 (9th Cir. 2002).

2